# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50057 | **DATE** | 11/1/2004 |
| **CASE TITLE** | PADEN vs. THE TESTOR CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, the court denies defendant's motion to dismiss.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 11-2-04 date docketed | 33 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11-2-04 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | DW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Joyce Paden, filed a two-count complaint against defendant, The Testor Corporation, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Defendant has moved to dismiss the action, pursuant to Fed. R. Civ. P. 12(b)(5), contending that plaintiff failed to timely effect service under Fed. R. Civ. P. 4(m).

Plaintiff originally filed a pro se complaint but later retained counsel who sought to file an amended complaint. Plaintiff's attorney appeared before the magistrate judge on several occasions, seeking an extension of the 120-day time limit under Rule 4(m) to serve defendant because of her difficulty in communicating with plaintiff in an effort to prepare and file an amended complaint. Plaintiff's original request (October 29, 2003) for an extension of time to serve defendant was made, and granted, within the 120-day limit. Thereafter, plaintiff sought and received additional extensions, the last of which gave her until August 13, 2004. Plaintiff eventually served defendant on July 28, 2004, within the latest extension period and 265 days past the original 120-day period.

Once defendant was served, it promptly filed a motion to dismiss under Rule 12(b)(5), contending that no good cause existed for extending the time limit under Rule 4(m) and that no other basis existed for a discretionary extension of the time limit.

This case is somewhat unique in the sense that plaintiff sought an extension of time prior to the 120-day period expiring, as opposed to those situations where the plaintiff did not serve the defendant until after the time had expired and thereafter sought an extension in response to a motion to dismiss, see, e.g., Coleman v. Milwaukee Board of School Directors, 290 F. 3d 932 (7th Cir. 2002); Panaras v. Liquid Carbonic Industries Corp., 94 F. 3d 338 (7th Cir. 1996). Thus, defendant is in the position of seeking to challenge the granting of an extension of time under Rule 4(m) which extension was, in fact, complied with.

Additionally, defendant has filed its motion to dismiss with this court even though the magistrate judge granted the extensions. Thus, it must assert a proper basis for overturning the decisions of the magistrate. In that regard, defendant states, without elaboration, that this court's standard of review is de novo under Rule 72(b). That would be correct if the decision of the magistrate judge addressed a dispositive pretrial matter such as a motion to dismiss for failing to comply with the time limit of Rule 4(m). In this case, however, the magistrate judge was only called upon to decide whether an extension should be granted under Rule 4(m), a non-dispositive pretrial matter, which is governed by the standard of Rule 72(a). Rule 72(a) provides that this court can only set aside a non-dispositive pretrial order if it is either clearly erroneous or contrary to law.

Keeping this standard in mind, the court turns to the applicable law related to the decision of whether to grant an extension of time under Rule 4(m). While Rule 4(m) itself arguably does not provide for an extension of time prior to a failure to serve a defendant, clearly Rule 6 allows for such an extension prior to the expiration of the time limit set forth in a rule or order of court. Fed. R. Civ. P. 6(b)(1). In such a case, the court may do so "in its discretion" and for "cause shown." Fed Rule Civ. P. 6(b)(1). The issue thus becomes which standard to apply to such an extension, the one under Rule 6(b)(1) or the "good cause" or discretionary standard under Rule 4(m), see Troxell v. Fedders of North America, Inc., 160 F. 3d 381, 382-83 (7th Cir. 1998). While the court considers the discretionary standards of Rule 6(b)(1) and Rule 4(m) to be essentially the same, it finds that the decision to extend the time limit, under either standard, was not an abuse of discretion (and therefore not clearly erroneous or contrary to law).

An abuse of discretion in this context exists only if the decision was arbitrary or unreasonable. Troxell, 160 F. 3d at 383. This is a hard standard to overcome, especially when the court is simply exercising its judgment about whether to relieve a party from an unexcused failure to comply with the rules. Troxell, 160 F. 3d at 383. In exercising its discretion, the court is permitted to consider such factors as the statute of limitations, prejudice to the defendant, actual notice of the law suit, and eventual service. Troxell, 160 F. 3d at 383.

In this case, the relatively short statute of limitations (90 days) favored an extension. There was also no apparent prejudice to defendant, and defendant has identified none. Defendant's vague assertion about potential faded memories does not demonstrate actual prejudice. While defendant may not have had actual notice of this action, it should have been aware of the potentiality having been named in plaintiff's charge of discrimination filed with the EEOC. Further, service was in fact accomplished within the time frame allowed. Additionally, rather than waiting until after the time had expired and she was facing a motion to dismiss, plaintiff (at least her attorney) took a proactive approach by requesting an extension in advance. Another relevant factor in this case is that the original pro se complaint was lacking in clarity and the need for an amended complaint was apparent. The inclusion of the EEOC charging document did little to clarify the gibberish in plaintiff's original complaint. This situation was exacerbated by the difficulty counsel was having in contacting and communicating with plaintiff. While the court does not condone the extreme delay in completing service in this case, under all of the circumstances, there was no abuse of discretion, under either Rule 6(b)(1) or Rule 4(m), in extending the time for service of process as the magistrate judge did.

For the foregoing reasons, the court denies the motion to dismiss.